[Cite as *State v. Delaney*, 2017-Ohio-9292.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 16CA011040 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUSIE R. DELANEY | ELYRIA MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 2016CRB00037 |

DECISION AND JOURNAL ENTRY

Dated: December 29, 2017

HENSAL, Presiding Judge.

{¶1} Susie Delaney appeals a judgment of the Elyria Municipal Court that convicted and sentenced her for criminal damaging. For the following reasons, this Court affirms.

I.

{¶2} Jeannette Orshoski testified that she was smoking a cigarette in the garage of her apartment unit on the evening of January 1, 2017, when she heard footsteps outside. When she looked out the garage door's peephole, she saw Ms. Delaney approach her car and stab one of its tires, causing it to deflate. Ms. Orshoski filed a complaint, and Ms. Delaney was charged with criminal damaging under Revised Code Section 2909.06(A). At a trial to the bench, Ms. Delaney testified that it could not have been her that Ms. Orshoski saw because she was at her father's house that night and only ventured out to go to a convenience store with her grandson and daughter. The municipal court found Ms. Delaney guilty of the offense, however, and

sentenced her to 50 hours of community service. Ms. Delaney has appealed, assigning two errors.

## II.

## ASSIGNMENT OF ERROR I

THERE WAS INSUFFICIENT EVIDENCE TO CONVICT THE DEFENDANT OF CRIMINAL DAMAGING OR ENDANGERING R.C. 2929.06, SINCE THE STATE FAILED TO PRESENT UNBIASED, SUFFICIENT CREDIBLE EVIDENCE TO SUSTAIN ITS BURDEN OF BEYOND A REASONABLE DOUBT.

**{¶3}** Ms. Delaney argues that her conviction is not supported by sufficient evidence. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. The criminal damaging statute, Section 2909.06, prohibits a person from knowingly causing physical harm to the property of another without their consent. R.C. 2909.06(A)(1).

**{¶4}** Ms. Delaney notes that the only evidence that she committed the offense was Ms. Orshoski's testimony. She argues that Ms. Orshoski only observed the offense through a tiny peephole, however, was looking into a dark parking lot, and was not wearing her reading glasses. In addition, Ms. Orshoski initially testified that she was only "pretty sure" Ms. Delaney was the perpetrator. Ms. Orshoski also admittedly had difficulty identifying an "unknown woman" who she saw at the apartment building earlier that day. Ms. Delaney further argues that, although a

police officer looked at Ms. Orshoski's car through the peephole later in the evening, it is not possible to know whether the car was in the same spot as when Ms. Orshoski allegedly saw the offense occur.

{¶5} Ms. Orshoski testified that, even though it was night when the attack happened, the parking lot outside her garage was well lit and was illuminated on the side of her car where the attack happened. She rated her visibility of the scene as "[g]ood." Regarding the "unknown woman" that Ms. Orshoski could not identify, Ms. Orshoski testified that there were actually two women that she saw at Ms. Delaney's door that she did not recognize, one who was beating on Ms. Delaney's door accusing Ms. Delaney of kidnapping the woman's daughter and another who appeared to be a social guest. Ms. Orshoski was not acquainted with either woman, whereas she had lived next to Ms. Delaney for some time. Ms. Orshoski also testified that she did not move her car after the tire was punctured, explaining that she did not want to damage the car's rims. The officer who responded after Ms. Orshoski called the police corroborated that Ms. Orshoski would have been able to see the attack through the peephole.

{¶6} Viewing the testimony in a light most favorable to the State, we conclude that there was sufficient evidence for the municipal court to find that Ms. Delaney knowingly damaged Ms. Orshoski's car tire. Ms. Delaney's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE DEFENDANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE COURT IGNORED THE OBVIOUS BIAS OF THE SINGLE PERCIPIENT WITNESS AGAINST DEFENDANT AND THE CORROBORATING EVIDENCE OF THE DEFENDANT'S ACCOUNT.

**{¶7}** Ms. Delaney also argues that her conviction is against the manifest weight of the evidence. If a defendant asserts that her conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d 380, at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

**{¶8}** Ms. Delaney argues that Ms. Orshoski's testimony was not reliable for the reasons stated above. Ms. Orshoski also admittedly had an acrimonious history with Ms. Delaney, which Ms. Delaney argues makes her testimony biased. In contrast, Ms. Delaney argues that her own testimony was corroborated by her daughter. Ms. Delaney also argues that there were other people who could have been responsible for the damage to the tire, noting that Ms. Orshoski's boyfriend began living with her because of the number of incidents that had occurred at the apartment complex. Ms. Delaney further argues that Ms. Orshoski could have brought on the attack with her attitude, noting that Ms. Orshoski admitted bothering another woman earlier that day, requiring her to apologize to the woman. Ms. Orshoski also admitted slamming a door in Ms. Delaney's face earlier that day.

**{¶9}** Although the attack occurred at night, Ms. Orshoski explained that the location was well lit, which was corroborated by the responding officer. When asked to quantify what

she meant when she said that she was "pretty sure" Ms. Delaney was the attacker, Ms. Orshoski testified that she was 98 percent sure. Although Ms. Orshoski could not identify a woman at Ms. Delaney's door, there was no evidence that Ms. Orshoski had seen the woman before, unlike Ms. Delaney, who lived next door. There was also no evidence that Ms. Orshoski would have needed her reading glasses to see her car through the peephole.

{¶10} Regarding Ms. Delaney's testimony, she testified that she went to her father's house that evening to have dinner with him, which was a 10 to 12 minute walk from the apartment complex. She admitted that she left her father's apartment around the time of the attack to go to a convenience store to get something for her grandson. Although Ms. Delaney had a receipt for the candy she bought at the store, the store was immediately adjacent to Ms. Orshoski's and Ms. Delaney's apartment complex, putting her in the vicinity of the offense around the time of its occurrence. Ms. Delaney's daughter verified that she dropped Ms. Delaney off at the store. She testified that Ms. Delaney took so long in the store, however, that she ended up calling Ms. Delaney and yelling at her for the delay.

{¶11} Regarding the woman that Ms. Orshoski apologized to earlier in the day, Ms. Orshoski testified that she was having her mother and another woman over to her apartment for dinner. The other woman was elderly and had never been to her apartment before. Accordingly, when she heard knocking at Ms. Delaney's door around the time that she expected the woman to arrive, she stepped outside to see if it was her. Ms. Orshoski testified that she initially could not see the face of the woman at Ms. Delaney's door because of the woman's large coat, so she said something to the woman to get her attention. Upon realizing that it was not the woman she was expecting, Ms. Orshoski testified that she apologized for disturbing her and returned to her apartment. Shortly thereafter, Ms. Delaney knocked on Ms. Orshoski's door. When Ms.

Orshoski opened it, Ms. Delaney yelled at her for bothering her guest. Ms. Orshoski testified that she shut her door in Ms. Delaney's face because she was attending to gravy at the time and did not want it to burn.

{¶12} Although there were conflicts in the evidence, this Court has recognized that "[t]he trier of fact is in the best position to judge the credibility of the witnesses[.]" *State v. Curry*, 9th Dist. Summit No. 23104, 2007-Ohio-238, ¶ 19. Upon review of the record, we cannot say that the municipal court lost its way when it determined that Ms. Delaney committed the offense of criminal damaging. Ms. Delaney's conviction is not against the manifest weight of the evidence. Her second assignment of error is overruled.

III.

{¶13} Ms. Delaney's assignments of error are overruled. The judgment of the Elyria Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                      _____

JENNIFER HENSAL
FOR THE COURT


CARR, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

ZACHARY B. SIMONOFF, Attorney at Law, for Appellant.

SCOTT SERAZIN, Law Director, and SCOTT STRAIT, Assistant Prosecuting Attorney, for Appellee.